IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DOUGLAS L. MARTIN, | ) | Case No. 10-11537 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| BUCHI CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 10-02056 |
| v. | ) | |
| | ) | |
| DOUGLAS L. MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION AND ORDER GRANTING SUMMARY
JUDGMENT IN PART AND DENYING SUMMARY JUDGMENT IN PART**

This matter came before the Court on cross Motions for Summary Judgment filed by the Plaintiff, Buchi Corporation ("Buchi") on July 26, 2011, and by the above-captioned debtor and defendant (the "Debtor") on July 27, 2011. Peter F. O'Connell and Eugene E. Lester, III appeared on behalf of Buchi and Dirk W. Siegmund appeared on behalf of the Debtor.

The Debtor worked for Buchi as a salesman until March 31, 2009, when the Debtor's employment was terminated by a severance agreement (the "Severance Agreement") with Buchi. The Severance Agreement provided that Buchi would pay the Debtor: (1) his base salary through March 31, 2009; (2) accrued but unused vacation pay; and (3) commissions earned from January 1, 2009 through March 31, 2009. Buchi was to pay the Debtor these monies in installments by direct deposit to the Debtor's checking account during April and May of 2009. However, on May 15, 2009, Buchi deposited an additional $47,430.37 into the Debtor's account. Buchi alleges that this deposit was due to a payroll error, but the Debtor alleges that it was money owed to him for past-due

commissions. Some two weeks later Buchi demanded return of the money. The Debtor maintains, however, that he reasonably thought he was owed the money and therefore, by the time Buchi demanded the return of the money, he had spent it.

On December 7, 2009, Buchi filed suit in Guilford County Superior Court requesting that the Debtor return the funds to Buchi. On August 18, 2010, a few days before Buchi's Motion for Summary Judgment in the Superior Court case was to be heard, the Debtor filed for Chapter 7 relief. The Superior Court case was not removed to the Bankruptcy Court but was stayed by the Debtor's bankruptcy filing. On November 12, 2010, Buchi filed this Adversary Proceeding seeking nondischargeability under Sections 523(a)(4) and (6) of the Bankruptcy Code.

The standard for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure, which is made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Rule 56 provides that the moving party will prevail on a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970). In considering a motion for summary judgment, a court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994), cert. denied, 513 U.S. 813 (1994). The moving party has the burden of establishing that there is an absence of any genuine issue of material fact, and all reasonable inferences must be drawn in favor of the nonmoving party. Celotex, 477 U.S. at 323.

In this case, neither party has met its burden of establishing that there is an absence of any genuine issue of material fact. The parties presented evidence for and against the proposition that the Debtor acted in a fiduciary capacity with regard to the funds in question.  Conflicting evidence was also presented on the issue of whether the Debtor knew the amount of commissions that Buchi believed was due under the Severance Agreement.  Without resolving these factual disputes, the Court is unable to grant summary judgment as to whether the Debtor's actions constituted (i) fraud or defalcation under Section 523(a)(4), or (ii)  willful and malicious injury under Section 523(a)(6). While intent may be inferred from a debtor's conduct, United Leasing Corp. v. Roop, 48 B.R. 310, 312 (E.D. Va. 1985)(citing In re Schlickmann, 6 B.R. 281, 282 (Bankr. D. Mass. 1980)); In re O'Connor, 149 B.R. 802, 808 (Bankr. E.D. Va. 1993), it is particularly difficult to meet the requirements of Rule 56 when it is applied to a cause of action that requires a finding of intent.  See Morrison v. Nissan Co., Ltd., 601 F.2d 139, 141 (4th Cir. 1979)("[W]hen the disposition of a case turns on a determination of intent, courts must be especially cautious in granting summary judgment, since the resolution of that issue depends so much on the credibility of the witnesses, which can best be determined by the trier of facts after observation of the demeanor of the witnesses during direct and cross-examination.")(citing Denny v. Seaboard Lacquer, Inc., 487 F.2d 485, 491 (4th Cir. 1973)).

The Debtor argues that Buchi received funds from its insurance company and that recovery by Buchi should be limited to $10,000.00.  North Carolina law is clear that a tortfeasor may not reduce his own liability for damages by the amount of compensation the injured party receives from an independent source.  See Muscatell v. Muscatell, 145 N.C. App. 198, 201, 550 S.E.2d 836, 838 (2001), rev. denied, 354 N.C. 364, 556 S.E.2d 574. This principle, known as the collateral-source

rule, "is intended to prevent the tortfeasor from a windfall when a portion of the plaintiff's damages have been paid by a collateral source." <u>Wilson v. Burch Farms, Inc.</u>, 176 N.C. App. 629, 639, 627 S.E.2d 249, 257 (2006).  The Debtor is not entitled to reduce his own liability for damages by the amount of compensation that Buchi received from an independent source.  Buchi may seek as damages all of the funds that it alleges are owed.

Accordingly, on the sole issue of whether insurance proceeds may be used to reduce the amount that Buchi may recover, summary judgment in favor of Buchi is GRANTED. With regard to the other issues, granting summary judgment to either party based on the current record is inappropriate, and therefore, in all other respects, the motions for summary judgment of both Buchi and the Debtor are DENIED.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DOUGLAS L. MARTIN, | ) | Case No. 10-11537 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| BUCHI CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 10-02056 |
| v. | ) | |
| | ) | |
| DOUGLAS L. MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PARTIES IN INTEREST**

Eugene E. Lester, III, Esq.

Dirk W. Siegmund, Esq.

Gerald S. Schafer, Esq., Chapter 7 Trustee

Michael D. West, Esq., Bankruptcy Administrator

5